FILED
2018 Jan-11 AM 11:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LORI CHRISTOPHER, as Administratrix of the Estate of WILLIAM R. CHRISTOPHER, II, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action Number <br> 5:17-cv-00178-AKK |

## MEMORANDUM OPINION AND ORDER

Lori Christopher brings this tort suit against the Federal Aviation Administration (FAA) under the Federal Torts Claims Act (the FTCA), 28 U.S.C. § 1346(b), 2671–2680, on behalf of the estate of her late husband, William R. Christopher, II, who passed away following a tragic plane crash during a pilot proficiency examination at the Huntsville International Airport. Christopher asserts two independent theories of liability under the FTCA. First, in a contention that the Government does not challenge in its current motion, Christopher argues that the FAA acted negligently in failing to revoke the credentials of the individual conducting the examination, Robin Smith. Second, she avers that by designating Smith as a Pilot Proficiency Examiner the FAA converted him into a government employee under § 1346(b) of the FTCA thereby subjecting the United States to

liability for Smith's purportedly negligent actions. Before the completion of discovery, the United States moves to dismiss Christopher's FTCA claim on sovereign immunity grounds pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. 19. That motion is now fully briefed. Docs. 19; 21; 22. However, because the motion goes directly to the heart of Christopher's case, the court finds that it is not yet ripe for review and consequently the Government's motion is due to be denied without prejudice.

I.  STANDARD OF REVIEW

A 12(b)(1) challenge for lack of subject matter jurisdiction may take the form of a facial or factual attack on the complaint. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).[1] A facial attack "'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction" taking "the allegations in [her] complaint . . . as true.'" *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). On the other hand, a factual attack challenges "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529). When deciding such a challenge, the court may hear conflicting evidence and

---

[1]There is no question that the Government's assertion of sovereign immunity represents an attack on this court's jurisdiction over Christopher's claims and is therefore properly brought under Rule 12(b)(1). *See, e.g.*, *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015) (explaining that "[i]f there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit").

2

decide the factual issues that bear on jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). In other words, "when a defendant properly [raises a factual] challenge[] [to] subject matter jurisdiction under Rule 12(b)(1) . . . 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue.'" *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (quoting *Lawrence*, 919 F.2d at 1529). "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

However, the court "should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action*.'" *Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (emphasis original)). Instead, "[w]hen the jurisdictional basis of a claim is intertwined with the merits, the district court should apply a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction." *Lawrence*, 919 F.2d at 1530. This approach is designed "'to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial.'" *Garcia*, 104 F.3d at 1261 (quoting *Williamson v. Tucker*, 645 F.2d

404, 416 (5th Cir. 1981)). Thus, "it is extremely difficult to dismiss a claim for lack of subject matter jurisdiction," at least when the jurisdictional challenge is intertwined with the substantive merits of the action. *Id.* at 1260. Here, the Government's motion relies heavily on evidence outside the pleadings, and the court accordingly construes its jurisdictional challenge as factual.

## II.  FACTS

The accident underpinning Christopher's claims occurred during a routine pilot proficiency check required to maintain an individual's certification to fly as the "pilot-in-command" of certain types of aircraft under the Federal Aviation Regulations. *See* Docs. 1 at 1–2, 4; 19 at 3; *see also* 14 C.F.R. § 61.58. The pilot-in-command of this training flight, Robin Smith, a Pilot Proficiency Examiner, was licensed by the FAA to conduct proficiency checks under the relevant Federal Aviation Regulations. Docs. 1 at 2, 4; 19 at 1, 3. Tragically, the plane crashed shortly after take-off, instantly killing all three individuals onboard, including William Christopher. Docs. 1 at 1; 19 at 3. Lori Christopher then filed this action under the FTCA alleging that the FAA was negligent for failing to revoke Smith's qualifications to conduct training flights, and, as relevant here, that Smith was, under the FAA licensing scheme, a federal employee making the Government vicariously liable under § 1346(b) of the FTCA for his purported negligence in causing the crash. *Id.* at 1, 5–6.

4

## III. DISCUSSION

"[T]he United States, as a sovereign entity, is immune from suit unless it consents to be sued." *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). The FTCA provides the requisite consent to suit in the context of "tort suits based on state law tort claims." *Id.* However, just as the United States has the power to consent to suit, it also has the power to "condition a waiver of its immunity as broadly or narrowly as it wishes, and according to whatever terms it chooses to impose." *Id.* at 1321–22; *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) (explaining that "the terms of [the Government's] consent to be sued in any court define that court's jurisdiction to entertain the suit"). Consequently, courts strictly construe the FTCA and all other "'limitations and conditions upon which the Government consents to be sued.'" *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)).

As relevant here, the FTCA provides, in part, that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1). In other words, the establishment of federal jurisdiction under § 1346(b) is contingent on a finding that the alleged tortfeasor was a Government employee. To make this showing, the plaintiff must

establish that "the Government control[led] and supervise[d] the day-to-day activities of the alleged tortfeasor during the relevant time." *Patterson & Wilder Const. Co. v. United States*, 226 F.3d 1269, 1274 (11th Cir. 2000). The Government argues that Smith was a private individual and that the existing FAA regulatory scheme governing the pilot proficiency checks and Smith's licensure as a Pilot Proficiency Examiner was insufficient to constitute the daily control and supervision necessary to convert Smith into a federal employee for FTCA purposes. Therefore, the Government contends that no valid waiver of sovereign immunity exists and accordingly that the court lacks subject matter jurisdiction over Christopher's claim based on Smith's purported negligence.

On the record, as it presently stands, the Government's argument is compelling. However, the Government overlooks that the extent of its purported control over Smith is a critical factor not only in establishing jurisdiction, but also in reaching a decision on the merits of Christopher's claim. Because a claim under the FTCA depends upon the substantive law of the state where the alleged tort occurred, *see Sellfors v. United States*, 697 F.2d 1362, 1365 (11th Cir. 1983) (pointing out that Congress enacted the FTCA primarily to "provid[e] redress for the garden variety common law torts recognized by state law"), the court's substantive analysis of Christopher's claim under § 1346(b) requires the application of state law. Under Alabama law, an employer is only vicariously

liable for the torts of an employee if the plaintiff first establishes "the status of employer and employee—master and servant." *Hendley v. Springhill Mem'l Hosp.*, 575 So. 2d 547, 550 (Ala. 1990). This inquiry, in turn, relies on "the degree of control the alleged master retains over the alleged servant." *Gossett v. Twin Cty. Cable T.V., Inc.*, 594 So. 2d 635, 639 (Ala. 1992). Accordingly, the § 1346(b) merits question here substantively replicates the necessary jurisdictional analysis under the statute. *See Lawrence*, 919 F.2d at 1528 (explaining that in a case where the scope of the Government's waiver of immunity is defined by reference to state tort law "proof of scope of employment serves two purposes: it is a necessary predicate to the court's subject matter jurisdiction and it is an element the plaintiff must establish to win the case, just as if the defendant were a private party").[2]

"Where [as here] the jurisdictional issues are intertwined with the substantive merits, 'the jurisdictional issues should be referred to the merits, for it is impossible to decide one without the other.'" *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 733 (11th Cir. 1982) (quoting *Chatham Condo. Assocs. v. Century Vill., Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979)); *see also Douglas v. United States*, 814 F.3d 1268, 1281 (11th Cir. 2016) (Tjoflat, J., concurring) (noting that the

---

[2] The court notes that these questions are legally distinct as a determination of employee status under the FTCA is explicitly a question of federal rather than state law. *See Means v. United States*, 176 F.3d 1376, 1379 (11th Cir. 1999). However, as discussed, the practical resolution of both issues depends on the degree of control and supervision the Government exercised over the alleged tortfeasor, Smith. *See, e.g.*, *Patterson & Wilder Constr. Co. v. United States*, 226 F.3d 1269, 1274 (11th Cir. 2000); *Gossett v. Twin Cty. Cable T.V., Inc.*, 594 So. 2d 635, 639 (Ala. 1992).

7

Eleventh Circuit follows the approach of determining "subject-matter jurisdiction . . . together with a merits determination under Rule 56 when, as will often be the case, the two are sufficiently 'intertwined'"). Indeed, the Supreme Court has explained that "no purpose is served by indirectly arguing the merits in the context of federal jurisdiction. Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits." *Williamson*, 645 F.2d at 415 (relying on *Bell v. Hood*, 327 U.S. 678, 682 (1945)). Thus, because the "jurisdictional basis of [the] claim is intertwined with an element of the cause of action" this court must "apply a Rule 56 summary judgment standard [and any accompanying procedural protections] when ruling on [the Government's motion] which asserts a factual attack on subject matter jurisdiction." *Lawrence*, 919 F.2d at 1530.

Moreover, as Christopher notes, "discovery has only just begun in this case." Doc. 21 at 3. And, the parties do not dispute that, on its face, Christopher's complaint lays out a plausible basis for subject matter jurisdiction under the FTCA with respect to her claim against the Government based on Smith's purported negligence. Accordingly, the court accepts that Christopher has adequately alleged that Smith was an employee of the FAA, and finds that she deserves the opportunity to further develop the necessary facts underpinning that allegation

8

through discovery.[3] Of course, the court is mindful of the fact that "the core principles of a limited federal judiciary and respect for sovereign entities' immunity from unconsented-to suits clearly cut against proceeding when jurisdiction remains uncertain." *Douglas*, 814 F.3d at 1281 (Tjoflat, J., concurring). However, in the context of a factual attack on subject matter jurisdiction, the court must "'give the plaintiff an [appropriate] opportunity for discovery and a hearing.'" *Id.* at 1274–75 (*McElmurray*, 501 F.3d at 1251). Again, "'[t]he proper course of action . . . is to find that jurisdiction exists and deal with the [Government's] objection as a direct attack on the merits of [Christopher's] case.'" *Morrison*, 323 F.3d at 925 (quoting *Garcia*, 104 F.3d at 1261). This procedure allows the court to properly address the Government's

---

[3] The Government contends that it notified Christopher of its intent to file a jurisdictional challenge under Rule 12(b)(1) and the underlying legal basis of that challenge over four months ago. Therefore, according to the Government, Christopher has already had sufficient time to conduct jurisdictional discovery in this case. However, the parties apparently never reached a timeline for the Government's filing. *See* Doc. 22-7 at 1–2. The notice of intent to file a motion at an unspecified time, without more, does not justify depriving the non-movant of an opportunity to adequately respond. This is particularly the case where, as here, the court's resolution of the motion depends on factual issues that the parties have not yet explored adequately. Indeed, in this circuit, there is "a strong preference that cases be heard on the merits," and that every litigant is afforded "his or her day in court, if possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) (quotations omitted). Therefore, because the Government has not argued that Christopher has acted in bad faith or somehow impermissibly delayed discovery in order to avoid litigating the Government's jurisdictional challenge, no basis exists to deny Christopher's access to discovery to pursue her claims.

challenge: "after discovery and with the protections of either a trial or review on summary judgment." *Douglas*, 814 F.3d at 1275.[4]

## IV. CONCLUSION AND ORDER

An essential element of Christopher's claim against the Government turns on whether Smith was, in fact, a federal employee, both for purposes of establishing jurisdiction under § 1346(b) and for proving the underlying state law tort Christopher seeks to assert through the statute. In essence then, the Government's motion tasks the court with deciding a direct attack on the merits of Christopher's case rather than a general challenge to the court's jurisdiction. While the court recognizes the strength of the Government's argument, Christopher has not yet had an opportunity to develop through discovery the core facts supporting either her claim or this court's jurisdiction. Accordingly, the court **DENIES** the Government's motion, doc. 19, without prejudice to refile after the discovery period.

---

[4] The Government also argues that the court can resolve its motion via Rule 56 of the Federal Rules of Civil Procedure because none of the facts underlying the motion are in dispute. Again, this point is well-taken. However, Christopher's failure to present specific evidence controverting the Government's claims simply demonstrates the necessity for discovery in this case. As the Government indicates, no written discovery or deposition notices have been served. Doc. 22 at 8. While Christopher may have failed to produce evidence at the beginning of the discovery period, she has until March 30, 2018 to complete the process. Doc. 18 at 1. The mere absence of evidence at this juncture does not establish that no such evidence exists, and the Government has failed to convince this court that the regular discovery period should be cut short when its motion, in effect, directly challenges the merits of Christopher's case. *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 733 (11th Cir. 1982) (noting that "[t]he argument against premature dismissal on 12(b)(1) grounds is particularly strong when the basis of jurisdiction is also an element of plaintiffs' cause of action on the merits").

**DONE** the 11th day of January, 2018.

                                            **ABDUL K. KALLON**
                                    UNITED STATES DISTRICT JUDGE